**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


<u>Chrystina Bekier</u>

    v.                          Civil No. 14-cv-284-PB

<u>Standford L. Kurland</u>


## <u>REPORT AND RECOMMENDATION</u>


Chrystina Bekier has filed this action against Standford Kurland, Chief Executive Officer of PennyMac Loan Services, LLC, for claims arising out of the foreclosure of her home and an eviction scheduled for June 27, 2014.  Bekier filed an "emergency petition to enjoin eviction" (doc. no. 2), and an emergency motion for a show cause hearing (doc. no. 5), which requests a hearing on her request for emergency injunctive relief, in addition to requesting a preliminary injunction.

Bekier's motions have been referred to the magistrate judge for issuance of proposed findings of fact and conclusions of law, with respect to her request for preliminary injunctive relief.  <u>See</u> Order (doc. nos. 3 and 6).  Additionally, as plaintiff has paid the filing fee, the complaint is before the magistrate judge to determine if this court has subject matter jurisdiction over plaintiff's claims.  <u>See</u> LR 4.3(d)(3).

Based on the allegations in Bekier's filings, the district judge should find that the court lacks jurisdiction to entertain Bekier's request to enjoin the eviction.  Bekier has alleged, and the state court docket confirms, that PennyMac brought an action against her in state court to evict her, and that the court ruled in PennyMac's favor.  See <u>PennyMac Loan Servs., LLC v. Bekier</u>, No. 449-2013-LT-00282 (N.H. Cir. Ct., 8th Cir., Dist. Div., Keene).  Bekier further alleges that she raised claims similar to those asserted here, challenging the validity of PennyMac's status as a holder in due course in that state court proceeding, and that the state court rejected her claims. Bekier appealed that decision, and the New Hampshire Supreme Court declined to accept her appeal.  See <u>PennyMac Loan Servs., LLC v. Bekier</u>, No. 2014-0194 (N.H. May 16, 2014).

Bekier's petition here raises claims and arguments that appear inextricably intertwined with those raised and resolved in the state courts, insofar as Bekier has asserted here that she raised the same issues in the state case that she asserts in this case.  Furthermore, Bekier filed this action here, specifically seeking an order setting aside the judgment issued in the state court case, after the New Hampshire Supreme Court on May 30, 2014, issued its mandate in her state court appeal. The Rooker-Feldman doctrine precludes a lower federal court from

granting the relief plaintiff seeks here, even if this court were persuaded that the state court's resolution of the relevant issues was incorrect.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983); see also Skinner v. Switzer, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011) (Rooker-Feldman applies when losing party in state court files suit in U.S. District Court after state proceedings have ended, complaining of injury caused by state-court judgment and seeking federal-court review and rejection of state court judgment).  The U.S. Supreme Court, not this court, has jurisdiction to review such judgments, pursuant to 28 U.S.C. § 1257.

Because the Rooker-Feldman doctrine applies in this case to deprive this court of jurisdiction to review Bekier's claims, the district judge should deny the petition for emergency injunctive relief (doc. no. 2), and should also deny the motion requesting a show cause hearing (doc. no. 5).  Moreover, the district judge should dismiss this action for lack of jurisdiction.

## Conclusion

For reasons stated herein, the district judge should deny the petition for emergency injunctive relief (doc. no. 2) and

the motion for a show cause hearing (doc. no. 5), and should dismiss this action for lack of jurisdiction.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).


/s/ Daniel J. Lynch
Daniel Lynch
United States Magistrate Judge


July 1, 2014

cc:  Chrystina Bekier, pro se

4